**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  00-cv-02098 REB-MJW

KELLY FINCHER, by her natural father and next friend, JAMES FINCHER, on behalf of herself and all others similarly situated,

    Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

**Blackburn, J.**

This matter is before me on the **Plaintiff's Amended Motion for Class Certification** [#175], filed April 14, 2006.  The defendant has filed a response, and the plaintiff has filed a reply.  I deny the motion.

### I. JURISDICTION & CONTROLLING LAW

This court has jurisdiction over this case under 28 U.S.C. § 1332 (diversity).  This case involves a controversy between citizens of different states, and the amount in controversy exceeds 75,000 dollars, exclusive of costs and interest.  Colorado law controls the resolution of the substantive issues in this diversity case.  ***Erie Railroad Co. v. Tompkins***, 304 U.S. 64, 78 (1938); ***Royal Maccabees Life Insurance Co. v. Choren***, 393 F.3d 1175, 1180 (10th Cir. 2005).

## II.  BACKGROUND

This case concerns benefits under an auto insurance policy.  The plaintiff, Kelly Fincher, was severely injured when she was struck by a car while riding her bicycle.  The accident occurred on May 8, 1994, when Kelly Fincher was 11 years old.  Fincher suffered a permanent brain injury and will have to live in an assisted living milieu for the remainder of her life.  The car that struck Kelly Fincher was driven by Anthony Bekeshkas, who was insured under an auto insurance policy issued by defendant, Prudential Property and Casualty Insurance Company.

When the Bekeshkas policy was issued on April 23, 1992, and at the time of the accident on May 8, 1994, Colorado law required all Colorado auto insurance policies to provide a certain minimum level of personal injury protection (PIP) benefits.  The PIP benefits in the Bekeshkas policy are not at issue here.  Initially, Prudential paid Fincher the required minimum PIP benefits under the Bekeshkas policy.  In addition, at the time the Bekeshkas policy was issued and at the time of the accident, Colorado law required insurers to offer certain optional APIP benefits to their customers.  Bekeshkas was offered APIP benefits when he purchased his Prudential policy, but that offer provided for a $150,000 cap on APIP benefits.  At the relevant times, Colorado law provided that APIP benefits could not be capped at an amount lower than 200,000 dollars.  §10-4-710, C.R.S. (1990).  Bekeshkas declined Prudential's offer of APIP benefits with the 150,000 dollar cap. The form of policy used by Prudential at the time also contained the impermissible 150,000 dollar cap on APIP benefits.

In *Fincher v. Prudential Prop. & Cas. Ins. Co.*, 76 Fed. Appx. 917 (10th Cir. 2003) (unpublished), the United States Court of Appeals for the Tenth Circuit held that Fincher is entitled to reformation of the Bekeshkas policy because Prudential's offer of

2

APIP benefits to Bekeshkas did not comply with the requirements of Colorado law concerning the permissible level of the cap on APIP benefits. 76 Fed. Appx. at 922 - 923. After the Tenth Circuit's ruling in *Fincher*, I conducted a trial to the court concerning Fincher's claim for reformation of the insurance contract. In my Findings of Fact, Conclusions of Law, & Orders [#158], entered February 28, 2006, I ordered that the Bekeshkas policy be reformed to provide APIP benefits to Fincher as of the date of her accident, May 8, 1994. I further ordered that the reformed policy included a cap on APIP benefits of 200,000 dollars, as permitted by Colorado law at the relevant times.

Fincher's remaining claims are 1) breach of contract, based on Prudential's failure to pay APIP benefits to Fincher; 2) breach of the covenant of good faith and fair dealing; 3) willful and wanton breach of contract; and 4) deceptive trade practice, under §6-1-105(1)(e) and (g), C.R.S.

Fincher now seeks certification of a class of plaintiffs as to her claim for reformation of the Prudential policy. She does not seek class certification on her claim for enhanced benefits under the Prudential policy, or any of her claims for damages. *Motion for class certification*, p. 11. She proposes a class defined as

> All persons who received medical or wage-loss personal injury protection benefits under a Prudential Colorado Car insurance policy, and received those benefits no earlier than August 25, 1992. Excluded from the class are all Prudential executives, their legal counsel, and their immediate family members, the Court and its staff, and all employees of The Carey Law Firm.

*Amended motion for class certification*, p. 3.

### III.  REQUIREMENTS OF FED. R. CIV. P.  23

Under FED. R. CIV. P. 23, a class may be certified if several requirements are met.  Rule 23(a) includes the following requirements, each of which must be satisfied: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class;   3) the claims or defenses of the representative parties are typical of those of the class; and 4) the representative parties adequately will protect the interests of the class.

Rule 23(a)(2) requires that the claims of members of a proposed class present "common questions of law or fact."  Complete identity of legal claims among class members is not required.  Rather, the provision requires that there be two or more issues whose resolution will affect all or a significant number of the members of the proposed class.  **See Stewart v. Winter**, 669 F.2d 328, 335 (5th Cir. 1982).  Rule 23(a)(3) requires that the claims of a proposed class representative be typical of the claims of the class.  "The commonality and typicality requirements tend to merge," but both "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are [sufficiently] interrelated . . . ."  **General Telephone Company of Southwest v. Falcon**, 457 U.S. 147, 157 n. 13 (1982).  The United States Court of Appeals for the Tenth Circuit has held that the typicality requirement is satisfied if there are common questions of law or fact.  **Milonas v. Williams**, 691 F.2d 931, 938 (10th Cir. 1982), cert. denied, 460 U.S. 1069 (1983); **Adamson v. Bowen**, 855 F.2d 668, 676 (10th Cir. 1988).

If the requirements of Rule 23(a) are satisfied, then one of the alternative requirements outlined in Rule 23(b) also must be met.  Fincher argues that this case

satisfies both Rule 23(b)(2) and (3). Rule 23(b) provides, in relevant part:

> **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> * * * * *
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Class certification is a matter committed to the sound discretion of the trial court. *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982). A certified class may be altered, expanded, subdivided, or abandoned as the case develops. *See, e.g., Daigle v. Shell Oil Co.*, 133 F.R.D. 600 (D. Colo. 1990); *Dubin v. Miller*, 132 F.R.D. 269, 270-75 (D. Colo. 1990).

## IV. ANALYSIS

Prudential argues that Fincher's proposed class does not satisfy any of the requirements of Rule 23. Having carefully reviewed the record and the parties' arguments, I conclude that Fincher's motion for class certification must be denied because Fincher's proposed plaintiff class does not satisfy the requirements of Rule 23.

A. Typicality - Fincher's reformation claim, which has been resolved, was based on the fact that from 1992 to 1995, Prudential used auto insurance policy forms that provided for a cap on APIP benefits of 150,000 dollars in derogation of the minimum 200,000 dollar cap permitted by §10-4-710(2)(b), C.R.S.  According to Fincher, Prudential began to use different forms in 1994. *Motion for class certification*, p. 5.  This second group of forms provided for a 200,000 dollar cap on APIP benefits, in compliance with Colorado law.  However, Fincher claims this second group of forms contained no APIP option for extended benefits for wage loss coverage, without a weekly limitation on the amount payable, as required by Colorado law.  Fincher says these forms were in use until 1999.  Fincher also cites a third group of policy forms, which Prudential allegedly began to use in 1999.  This third set of forms, according to Fincher, contained a variety of other flaws that made them non-compliant with Colorado law.

Fincher proposes to include in the plaintiff class any Prudential insured who was covered under a policy that contained any of the flaws outlined above and who received policy benefits no earlier than August 25, 1992.  Again, Fincher's reformation claim was based on one flaw in the Prudential forms: Prudential's failure to provide for a 200,000 dollar cap on APIP benefits.  Fincher does not have a reformation claim based on the other flaws she says existed in Prudential's forms from 1994 and into the future. Claims based on these other flaws would differ significantly from Fincher's claim. These differences indicate that Fincher's claim is not typical of the claims of the broad class of Prudential insureds she seeks to represent.  In addition, the differences between Fincher's claim and those of the proposed class, which are discussed below, also indicate that the typicality requirement is not satisfied in this case.

B. RULE 23(b) - Fincher argues that certification under Rule 23(b)(2) or (3) is proper. However, I conclude that the plaintiff's proposed class does not satisfy the requirements of Rule 23(b)(2) or (3).

Rule 23(b)(2) concerns cases in which the party opposing the class has acted on grounds generally applicable to the class, making appropriate final declaratory or injunctive relief for the class. Fincher is careful to couch the claim of her proposed plaintiff class in terms of declaratory relief concerning reformation of Prudential auto insurance policies. *Motion for class certification*, p. 11. Realistically, however, monetary relief is the principal relief sought by Fincher and by the members of the proposed class.

The issues of reformation of the Prudential policies and the resulting monetary relief cannot readily be isolated from each other. Reformation of the Prudential policies is of no consequence to the Prudential insureds unless the reformation entitles them to enhanced benefits under the relevant policy, and possibly to damages on related claims against Prudential. The key issue of appropriate monetary relief obviously is implicated by any order of reformation for any Prudential insured who had a PIP claim during the relevant time. For each such insured, the issue of appropriate monetary relief is highly individualized, and is not appropriate for generalized resolution in a class action. Because individualized issues of monetary relief are so closely tied to the issues of declaratory relief, Fincher's reformation claim does not satisfy the requirements of FED. R. CIV. P. 23(b)(2). **See, e.g., Boughton v. Cotter Corp.**, 65 F.3d 823, 827 (10th Cir. 1995); **Selby v. Principal Mut. Life Ins. Co.**, 197 F.R.D. 48, 59 n. 16 (S.D.N.Y. 2000) ("claim that requests injunctive relief requiring a defendant insurer to reprocess formerly denied claims for benefits is primarily a claim for monetary relief, as the main purpose

of this kind of claim is to secure payment for claims that plaintiffs allege were improperly denied.").

Rule 23(b)(3) permits certification when questions of law or fact relevant to the class predominate over questions affecting only individual members of the class, and a class action is superior to other methods for fair and efficient adjudication of the claims. In this case, the reformation issues of the proposed class present varied issues involving different claimed flaws in the Prudential policies at different points in time, and the relationships between the claimed defects and the benefits sought by individual plaintiffs. Even if the reformation issues could be resolved efficiently on a class-wide basis, and that prospect is doubtful, such a resolution then implicates the key issues of enhanced insurance benefits and damages for each member of the class. Again, the issues of benefits and damages are inherently individual, and cannot efficiently be resolved on a class-wide basis. Thus, Fincher's proposed class does not satisfy the requirements of Rule 23(b)(3).

## VI. CONCLUSION & ORDERS

Having considered the arguments of the parties and the record in this case, I find that Fincher's reformation claim, and the issues this claim implicates directly, are not sufficiently typical of the claims of the broad class of Prudential insureds she seeks to represent. Fincher's proposed plaintiff class does not satisfy the typicality requirement of FED. R. CIV. P. 23(a)(3). Further, I find that the questions of fact and law affecting individual plaintiffs predominate over questions of law or fact that are common to the members of the proposed class. Under these circumstances, resolution of these claims as a class action would be unwieldy rather than efficient. The plaintiffs' proposed class, therefore, does not satisfy the requirements of FED. R. CIV. P. 23(b)(2) and (3).

**THEREFORE IT IS ORDERED** that the **Plaintiff's Amended Motion for Class Certification** [#175], filed April 14, 2006, is **DENIED**.

Dated March 22, 2007, at Denver, Colorado.

                                          **BY THE COURT:**

                                          **s/ Robert E. Blackburn**
                                          **Robert E. Blackburn**
                                          **United States District Judge**