IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 00-cv-2098-REB-MJW

KELLY FINCHER, by her natural father and next friend, JAMES FINCHER,

    Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES & DIRECTING THE ENTRY OF JUDGMENT

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion for Attorney Fees** [#278], filed November 15, 2007. The defendant filed a response [#279] and the plaintiff filed a reply [#282]. I deny the motion.

This case concerns the plaintiff's claim for recovery of benefits under an auto insurance policy. The plaintiff, Kelly Fincher, was injured in an auto accident on May 8, 1994. An auto insurance policy issued by the defendant, Prudential Property and Casualty Insurance Company, provided coverage for Fincher's injuries. The Prudential policy at issue is regulated by the Colorado Auto Accident Reparations Act, part 7 of article 4 of title 10, C.R.S. (CAARA), repealed by §10-4-726, C.R.S. (2002), effective July 1, 2003. At the time of the accident in question, the CAARA required insurers to provide a minimum level of benefits known as personal injury protection or PIP benefits. Basic PIP benefits are defined in §10-4-706, C.R.S. After the accident, Prudential promptly paid to

Fincher the basic PIP benefits that were due to her.

Basic PIP benefits are not at issue in this case. In this case, Fincher claims that she is entitled also to additional PIP benefits known as APIP benefits. In the course of this case, the Prudential policy was reformed judicially to provide APIP coverage to Fincher. In my **Order Concerning Motions for Summary Judgment** [#277], filed October 9, 2007, I granted summary judgment in favor of Fincher on the issue of the defendant's liability on Fincher's second cause of action for breach of contract. In essence, I concluded that Prudential had breached its insurance contract by failing to provide Fincher with APIP benefits as required by the reformed insurance contract. Prudential has paid to Fincher 92,500 dollars, the balance of APIP benefits due to Fincher.

In her motion for attorney fees, Fincher seeks an award of attorney fees under §10-4-708 (1.7), C.R.S. In response to Fincher's motion the defendant argues that the attorney fees provisions of §10-4-708 are not applicable to Fincher's claim in this case because Fincher's claim concerns only APIP benefits, and does not concern basic PIP benefits. I agree.

Section 10-4-708, C.R.S., provides procedures and remedies for the recovery of "benefits under the coverages enumerated in section 10-4-706(1)(b) to (1)(e) or alternatively, as applicable, section 10-4-706(2) or (3) . . . ." §10-4-708(1), C.R.S. Again, §10-4-706 defines basic PIP benefits, but does not define or includeo APIP benefits. Rather, APIP benefits are defined in §10-4-710, C.R.S. That statute provides, *inter alia*, that every insurer shall offer certain "enhanced benefits for inclusion in a complying policy, in addition to the basic coverages described in section 10-4-706 . . . ." §10-4-710(2)(a),

2

C.R.S.  The benefits recovered by Fincher in this case are APIP benefits defined in §10-4-710.  Fincher did not recover in this case any basic PIP benefits as defined in §10-4-706.

Prudential argues cogently that the provisions of §10-4-708 are not applicable to a case in which only APIP benefits were recovered, because §10-4-708 does not mention the statute that defines APIP benefits, and does not mention APIP benefits in any other way.  Interpreting §10-4-708, my task is to "determine and give effect to the legislature's intent."  ***Comcast of California/Colorado, L.L.C. v. Express Concrete, Inc. L .L.C.***, ___ P.3d ___, ___, 2007 WL 4531717, *1 (Colo. App. 2007) (citation omitted).  I must look first to the language of the statute, giving words and phrases their plain and ordinary meaning.  ***Id***.  I must interpret the statute in a way that best effectuates the purpose of the legislative scheme.  ***Id***.  If the words of the statute are unambiguous, I need not and may not seek additional aids to my interpretation.  ***Id.***

I conclude that the provisions of §10-4-708, C.R.S., are unambiguous on the question presented by Fincher and Prudential.  Section 10-4-708 unambiguously provides that the procedures and remedies defined in that section are applicable to disputes concerning the prompt payment of "benefits under the coverages enumerated in section 10-4-706(1)(b) to (1)(e) or alternatively, as applicable, section 10-4-706(2) or (3) . . . ." §10-4-708(1), C.R.S.  Nothing in this section indicates that these procedures and remedies are applicable to claims for other kinds of benefits, including the APIP benefits, which are defined elsewhere in §10-4-710.  Giving the words of this statute their plain and ordinary meaning, I must conclude that the attorney fees provisions of §10-4-708 are not applicable to a claim for benefits, like Fincher's, under §10-4-710. On the current record, there is no other basis for an award of attorney fees to Fincher.

I note that the issue of attorney fees is the last remaining issue in this case.

3

Because all issues have been resolved, I direct that judgment shall enter consistent with my ruling in this order, and my previous rulings resolving the plaintiff's claims.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Attorney Fees** [#278], filed November 15, 2007, is **DENIED**;

2. That consistent with my order [#158], filed February 28, 2006, **JUDGMENT SHALL ENTER** for the plaintiff, Kelly Fincher, by her natural father and next friend, James Fincher, against the defendant, Prudential Property and Casualty Insurance Company, on the plaintiff's first cause of action, seeking reformation of contract;

3. That the Prudential insurance policy under which the plaintiff is entitled to benefits is **REFORMED** to provide APIP benefits as of the date of the plaintiff's accident, May 8, 1994;

4. That the Prudential insurance policy under which the plaintiff is entitled to APIP benefits is **REFORMED** to include the permissible cap on APIP benefits of 200,000 dollars;

5. That **JUDGMENT SHALL ENTER** in favor of the plaintiff, Kelly Fincher, by her natural father and next friend, James Fincher, and against the defendant, Prudential Property and Casualty Insurance Company, on the plaintiff's second cause of action for beach of contract;

6. That the plaintiff is **AWARDED** 92,500 dollars as the balance of benefits due to the plaintiff under the reformed insurance policy at issue here;

7. That **JUDGMENT SHALL ENTER** for the defendant, Prudential Property and Casualty Insurance Company, against the plaintiff, Kelly Fincher, by her natural father and

next friend, James Fincher, on the plaintiff's third and fourth causes of action; and

      8.  That the plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

      Dated March 31, 2008, at Denver, Colorado.

      **BY THE COURT:**

      **s/ Robert E. Blackburn**
      **Robert E. Blackburn**
      **United States District Judge**